VANESSA SHAKIB (CA Bar #287339)
Shakib Law, PC
500 N Brand Blvd, Suite 2000
Glendale, CA 91203
Telephone: (818) 516-9532
Email: Vanessa@vanessashakib.com

*Local Counsel for Plaintiff*

LINDSAY K. LARRIS (CA Bar # 254270)
WildEarth Guardians
2590 Walnut Street
Denver, CO 80205
Telephone: (310) 923-1465
Email:  LLarris@wildearthguardians.org

*Counsel for Plaintiff*
*(Additional Counsel Listed on Signature Page)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILDEARTH GUARDIANS, | Case No.: 2:19-CV-7025 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| vs. | |
| DAVID BERNHARDT, in his official capacity as U.S. Secretary of the Interior, and UNITED STATES FISH AND WILDLIFE SERVICE, | (Endangered Species Act, 16 U.S.C. § 1531 *et seq.*) |
| Defendants. | |

1

# I. INTRODUCTION

1. Plaintiff WildEarth Guardians ("Guardians"), brings this action under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq*., to compel the Secretary of the Interior ("Secretary") and United States Fish and Wildlife Service ("FWS") (collectively, "Defendants") to comply with the ESA's non-discretionary requirement that Defendants make a "12-month finding" on Guardians' petition to list the Joshua tree (*Yucca brevifolia*) as a threatened species under the ESA. 16 U.S.C. § 1533(b)(3)(B). Guardians requests this Court to order Defendants to comply with the ESA's non-discretionary deadline to make a listing determination by a reasonable date certain on Guardians' petition in order to ensure the continued survival of the Joshua tree.

2. Joshua trees (*Yucca brevifolia*) are long-lived, succulent plants endemic to the Mojave Desert. This distinctive plant derived its name from Mormon travelers who, upon seeing the limbs of the succulent branching upwards to heaven, named it after the biblical prophet Joshua, who raised his arms in prayer for guidance to the Promised Land. The Joshua tree an icon of the Southern California desert, with its namesake, the Joshua Tree National Park, hosting more than 2.8 million visitors a year in 2017, with visitation predicted to increase by hundreds of thousands on a yearly basis. Tourists travel from across the world to hike, camp, and climb amongst the backdrop of these magnificent plants. Joshua trees have a beloved place in pop culture history as well, ranging from their feature on the cover of artist U2's album of the same name to serving as reliable extras in multiple films, television shows, and music videos over the past 50 years.

3. Joshua trees' storied history dates back to the Pleistocene era, about 2.5 million years ago, when the trees existed alongside creatures such as the giant sloth and wooly mammoth. Despite the Joshua trees' incredibly longevity, climate change and drought threaten to completely eradicate the species by 2100. A recent

scientific study indicated that, at the current rate of climate acceleration, only .02% of Joshua trees will be left in Joshua Tree National Park by 2070.

4. In light of these threats to the continued survival of the Joshua tree, on September 28, 2015, Guardians filed a petition under the ESA requesting FWS to list the Joshua tree as a threatened species throughout its range.

5. On September 14, 2016, FWS issued a positive 90-day finding on Guardians' petition. 81 Fed. Reg. 63,160-63,165 (Sept. 14, 2016). FWS concluded that Guardians' petition presented substantial scientific and commercial information that might warrant listing the Joshua tree as a threatened species. *Id*. But in the nearly three years since FWS made that finding, the agency has made no further findings regarding the Joshua tree's protection under the ESA.

6. Specifically, Defendants have not issued the required "12-month finding" under ESA section 4(b)(3)(B). 16 U.S.C. § 1533(b)(3)(B). This 12-month finding should have been completed by September 29, 2016 (12 months from receipt of Guardians' 2015 petition).

7. Guardians hereby seeks declaratory and injunctive relief to enforce the non-discretionary deadline for Defendants to make a 12-month finding on Guardians' petition to list the Joshua tree under the ESA, and to compel Defendants to make a finding as to whether listing the Joshua tree as a threatened species under the ESA is warranted. 16 U.S.C. § 1544(b)(3)(B).

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief), 5 U.S.C. §§ 701-706 (APA), and 16 U.S.C. § 1540(c) and (g)(1)(C) (action arising under ESA citizen suit provision).

9. As required by the ESA, Guardians has afforded Defendants with more than 60-days written notice of its intention to sue. On January 18, 2019 Guardians provided Defendants with written notice of its intent to sue for FWS's

failure to make a 12-month finding on the petition to list the Joshua tree. At that time, more than 12 months had passed since Guardians submitted its listing petition.

10. Defendants received the notice of intent to sue on January 23, 2019. Defendants have not remedied their violations of law.

11. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

12. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A).

13. This Court has the authority to grant Guardians' requested relief under the ESA, 16 U.S.C. § 1540(g).

### III. PARTIES

14. Plaintiff, WILDEARTH GUARDIANS ("Guardians") is a non-profit, 501(c)(3) conservation organization based in Santa Fe, New Mexico. Guardians' mission is to protect and restore the wildlife, wild places, wild rivers, and health of the American West. It has approximately 231,000 members and supporters nationwide with a substantial number of members in Joshua tree habitat in the Southwestern United States. Guardians has an active endangered species protection campaign, with a geographic focus on flora and fauna endemic to the western United States. As part of this campaign, Guardians has repeatedly urged the Secretary to list imperiled species, including the Joshua tree, as threatened or endangered species pursuant to the ESA. Guardians filed its petition to list the Joshua tree in September 2015. Guardians invested substantial organizational resources in preparing this petition and in submitting timely comments to FWS in response to the agency's September 2016 positive 90-day finding for the Joshua tree.

15. Guardians brings this action on behalf of itself and its adversely affected members. Guardians and its members derive scientific, aesthetic,

recreational, and spiritual benefit from endangered and threatened species and their habitats. Guardians and its members frequently use and enjoy, and will continue to use and enjoy, the Joshua tree and its habitat for wildlife viewing and for recreational, aesthetic, and scientific activities. Guardians and its members are particularly concerned with the conservation of the Joshua tree and the ecosystems on which it depends for its survival. Guardians and its members have observed and photographed Joshua trees, made multiple visits to Joshua Tree National Park, and have ongoing interests in the Joshua tree and its habitat. Guardians and its members have future plans to visit and observe the Joshua tree and, in particular, to return to Joshua Tree National Park. Guardians' and its members' interests in observing, studying, and otherwise enjoying the Joshua tree, and in obtaining and disseminating information regarding the Joshua tree, have been harmed by Defendants' actions and Defendants' failure to make a 12-month finding as required by the ESA, 16 U.S.C. § 1533(b)(3)(B). Guardians' and its members' injuries would be remedied by an order from this Court compelling compliance with the statute.

16. Unless the requested relief is granted, Guardians' and its members' interests will continue to be injured by Defendants' failure to comply with their statutory obligation. The injuries described above are actual and imminent and are caused by Defendants' failure to complete a 12-month finding for the Joshua tree. The relief sought herein would redress Guardians' and its members' injuries.

17. Defendant DAVID BERNHARDT is the Secretary of the U.S. Department of the Interior, and has the ultimate responsibility for implementation of the ESA. He is sued in his official capacity.

18. Defendant U.S. FISH AND WILDLIFE SERVICE is an agency of the federal government located within the U.S. Department of the Interior. The Secretary of the Interior has charged FWS with implementing and enforcing the ESA. 50 C.F.R. § 402.01(b).

## IV. LEGAL BACKGROUND

19. Congress has found that "various species of fish, wildlife, and plants in the United States have been rendered extinct as a consequence of economic growth and development untempered by adequate concern and conservation," and that "other species of fish, wildlife, and plants have been so depleted in numbers that they are in danger of or threatened with extinction." 16 U.S.C. § 1531(a)(1) and (2).

20. The purpose of the ESA is to "provide a means whereby the ecosystems upon which endangered and threatened species depend may be conserved, [and] to provide a program for the conservation of endangered species and threatened species ...." 16 U.S.C. § 1531(b).

21. The ESA requires the Secretary of the Interior to list species of plants and animals found to be facing extinction as "threatened" or "endangered." 16 U.S.C. § 1533(a). An "endangered species" is "any species which is in danger of extinction throughout all or a significant portion of its range ...." 16 U.S.C. § 1532(6). A "threatened species" is a species "which is likely to become an endangered species within the foreseeable future ...." 16 U.S.C. § 1532(20).

22. Before the ESA can protect a species that is facing extinction, or that species' habitat, that species must be listed as either threatened or endangered under the ESA. 16 U.S.C. § 1533(d). The listing process is the first critical step in the ESA's system of species protection and recovery.

23. Any interested person can begin the listing process by filing a petition to list a species with the Secretary. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

24. Upon receipt of a petition to list a species, the Secretary shall make a preliminary determination as to whether the petition "presents substantial scientific or commercial information" warranting the petitioned action. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(b)(1). Under the ESA's implementing

regulations, "substantial information" is defined as the "amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be warranted." 50 C.F.R. § 424.14(b).

25. The Secretary is required to make this preliminary determination within 90 days of receipt of the petition, "to the maximum extent practicable." 16 U.S.C. § 1533 (b)(3)(A).

26. In making a 90-day finding regarding a petition to list a species as threatened or endangered, the Secretary must consider whether the petition: "(i) Clearly indicates the administrative measure recommended and gives the scientific and any common name of the species involved; (ii) Contains detailed narrative justification for the recommended measure, describing, based on available information, past and present numbers and distribution of the species involved and any threats faced by the species; (iii) provides information regarding the status of the species over all or a significant portion of its range; and (iv) is accompanied by appropriate supporting documentation in the form of bibliographic references, reprints of pertinent publications, copies of reports or letters from authorities, and maps." 50 C.F.R. 424.14(b)(2).

27. If the petition is found to present substantial information, the Secretary must "promptly commence a review of the status of the species" and must "promptly publish" the preliminary finding in the Federal Register. 16 U.S.C. § 1533(b)(3)(A).

28. If the Secretary makes an affirmative 90-day finding, the Secretary has 12 months from the date that the petition was received to make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but presently precluded by other pending proposals for listing species, provided certain circumstances are present. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3). The 12-month

requirement established by 16 U.S.C. § 1533(b)(3)(B) is a mandatory deadline. *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1177 (9th Cir. 2002).

29. Listing a species as either threatened or endangered triggers the substantive and procedural requirements of other parts of the ESA. *See* 16 U.S.C. § 1536 (consultation and substantive conservation requirement imposed on federal agencies); *id*. § 1538 (prohibition on take by public and private entities).

## V. FACTS

30. Joshua trees (*Yucca brevifolia*) are long-lived, monocotyledonous evergreen trees endemic to the Mojave Desert. Joshua trees can grow up to 70 feet tall, although trees over 40 feet are rare. Trunks are fibrous and the one- to two-inch-thick bark is soft and corklike. Joshua trees reproduce sexually through seed production and sometimes asexually by rhizomes, branch sprouts, or basal sprouts. Joshua trees are fleshy- or baccate-fruited species; fruits are borne in tight clusters at the ends of branches. Fruits are indehiscent capsules, which become spongy and dry with age. Mature fruits contain 30 to 50 seeds, which are flat to thickened with smooth to undulate surfaces. Yuccas (Agavaceae) have an obligate pollination mutualism with yucca moths (Lepidoptera, Prodoxidae). The plants rely on adult moths for pollination, while the moth larvae feed on developing yucca seeds. Joshua trees are pollinated by moths *Tegeticula antithetica* and *T. synthetica.* Recruitment of Joshua trees requires a convergence of events including: fertilization by their unique pollinators; seed dispersal and caching by rodents; and seedling emergence from a transient seed bank triggered by isolated late-summer rainfall. Alignment of these convergent events likely results in the successful establishment of new seedlings only a few times in a century. The Joshua tree is pictured below.[1]

---

[1] Photo of a Joshua tree, released under a Creative Commons license by Bernard Gagnon.

8



31.     The Joshua tree occupies desert grasslands and shrublands in southeastern California, southern Nevada, northwestern Arizona, and southeastern Utah.  There are no population number or trend estimates available for the Joshua tree; however, from climate modeling, it appears that suitable habitat for successful recruitment has contracted since the early 1900s due to the +1 °C (+1.8 °F) change in mean high July temperatures since that time.

32.     Shifts and contractions in the Joshua tree range resulting from climate change is the most serious threat to this species in the foreseeable future.  Despite being hardy desert plants, Joshua trees only thrive within a narrow range of environmental conditions.  Although they can survive high temperatures, drought decreases survivorship and recruitment.  Extreme cold events limit the distribution of Joshua trees, although they need a period of cold to maximize growth.  According to multiple climate models, it appears that the zones of appropriate climate will shift drastically in the foreseeable future due to climate change, likely faster than the Joshua trees can expand or shift their range.  Under the most severe climate scenario, there was a 90% reduction in Joshua tree distribution.  Joshua

1 trees are particularly susceptible to climate change and prone to extinction because
2 of their limited dispersal capabilities and dependence on obligate pollinators.

3     33. On September 28, 2015, Guardians filed a petition requesting the
4 Secretary to list the Joshua tree as a threatened species under the ESA throughout
5 its range. The Secretary and FWS received the petition on September 29, 2015.
6 81 Fed. Reg. 63,162 (Sept. 29, 2015).

7     34. On September 14, 2016, the Secretary issued a positive 90-day finding
8 on Guadians' petition. 81 Fed. Reg. 63,160-63,165 (Sept. 14, 2016). The
9 Secretary concluded that the petition presented substantial scientific and
10 commercial information that Guardians' request to list the Joshua tree as a
11 threatened species may be warranted based on Factors A and E under the ESA. *Id*.

12     35. Because Defendants rendered a positive 90-day finding, Defendants
13 were then obligated to proceed to the second step in the ESA listing process,
14 completing a 12-month finding. Defendants must complete a 12-month finding
15 within 12-months of the receipt of a petition.

16     36. On January 18, 2019, Guardians provided Defendants with written 60-
17 day notice of its intent to sue for the Secretary's failure to make a 12-month
18 finding on the petition to list the Joshua tree. At that time, more than 12 months
19 had passed since Guardians submitted its petition. Defendants received the notice
20 of intent to sue on January 23, 2019. More than 60 days have passed since
21 Guardians provided this written notice.

22     37. Guardians received a letter from Defendants dated March 7, 2019,
23 stating Defendants' intent to post an updated National Listing Workplan. The
24 letter stated: "The updated Workplan will reflect our intent to issue 12-month
25 findings for the Joshua tree… by the end of fiscal year 2019."

26     38. In May of 2019, Defendants released an updated workplan that does
27 not include the Joshua tree. This indicates that, despite assurances to Guardians

28

that Defendants would make a finding in 2019, they have no intention of making a finding on this species before the end of Fiscal Year 2023 (at the earliest).

39. In May of 2019, Defendants released an updated workplan.[2] This workplan does not mention the Joshua tree, indicating that despite assurances that Defendants would make a finding in 2019, they have no intention of making a finding on this species before the end of Fiscal Year 2023. Therefore, an actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201.

40. To date, Defendants have not made the required 12-month finding on Guardains' petition to list the Joshua tree.

## V. CLAIM FOR RELIEF

**(Failure to Perform a Nondiscretionary Duty: Violation of the ESA)**

41. Guardians incorporates by reference all proceeding paragraphs.

42. Defendants have failed to make a 12-month finding on Guardians' petition to list the Joshua tree and have failed to publish such finding in the Federal Register.

43. By failing to render a 12-month finding on Guardians' petition within 12 months of receipt, Defendants have violated their non-discretionary duty under ESA Section 4(b)(3)(B), 16 U.S.C. § 1533(b)(3)(B), within the meaning of the ESA's citizen suit provision, 16 U.S.C. § 1540(g)(1)(c).

## VI. PRAYER FOR RELIEF

WHEREFORE, WildEarth Guardians respectfully request that this Court grant the following relief:

  a. Declare that Defendants have failed to comply with their non-discretionary duty under the ESA by failing to make a 12-month finding on WildEarth Guardians' petition to list the Joshua tree;

---

[2] https://www.fws.gov/endangered/esa-library/pdf/5-Year%20Listing%20Workplan%20May%20Version.pdf).

b. Order Defendants to make a 12-month finding on WildEarth Guardians' petition to list the Joshua tree and to publish such finding in the Federal Register by a reasonable date certain;

c. Award WildEarth Guardians its costs of litigation, including reasonable attorneys' fees;

d. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of August 2019.

/*s/ Vanessa Shakib*/
VANESSA SHAKIB (CA Bar #287339)
Shakib Law, PC
500 N Brand Blvd
Suite 2000
Glendale, CA 91203
Telephone: (818) 516-9532
Email: Vanessa@vanessashakib.com

/*s/ Lindsay K. Larris*/
LINDSAY K. LARRIS (CA Bar # 254270)
WildEarth Guardians
2590 Walnut Street
Denver, CO 80205
Telephone: (310) 923-1465
Email: llarris@wildearthguardians.org

SAMANTHA RUSCAVAGE-BARZ (NM BAR # 23276)
(*Pro Hac Vice application forthcoming*)
WildEarth Guardians
301 N. Guadalupe St., Suite. 201
Santa Fe, New Mexico 87501
Telephone: (505) 401-4180
Email: sruscavagebarz@wildearthguardians.org